UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================X
DONALD DESOUZA,                                                    13 CV 7668 (RA)

                    Plaintiff,                                         **AMENDED COMPLAINT**

        -against-

THE CITY OF NEW YORK, DETECTIVE
MARIA LOPEZCRUZ (TAX NO. 940392),                 **JURY TRIAL**
DETECTIVE DANIEL BACA (TAX NO. 934434),           **DEMANDED**
DETECTIVE SIMON LAINE (TAX NO. 936901),
DETECTIVE ARTHUR SMITH (TAX NO. 926134),          **ECF CASE**
DETECTIVE SCOTT LIENECK (TAX NO. 920505)
and LIEUTENANT PERSIO POLANCO (TAX NO.
914530),

                    Defendants.

========================================X

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while a passenger in a motor vehicle on or about June 3 or 4, 2013 at approximately 4:30 p.m. near to, and in the vicinity of, Morris Avenue and East 162nd Street, Bronx, NY and/or 163rd Street and Sheridan Avenue, Bronx, NY, and continuing at other locations in New York City, was arrested without probable cause, was unlawfully detained, handcuffed, brutalized and also subjected to a cavity search. The plaintiff's rights were violated, he was deprived of his constitutional rights under the Fourth and Fourteenth Amendments to

the United States Constitution. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully arrested, stopped, searched and confined plaintiff; the defendants caused an unjustifiable and illegal stop; they frisked and searched the plaintiff with probable cause, then arrested the plaintiff, and brutalized the plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff, DONALD DESOUZA, was a citizen of the United States and resident of the County, City and State of New York.

6. Detective Maria Lopezcruz (Tax No. 940392), Detective Daniel Baca (Tax No. 934434), Detective Simon Laine (Tax No. 936901), Detective Arthur

Smith (Tax No. 926134), Detective Scott Lieneck (Tax No. 920505) and Lieutenant Persio Polanco (Tax No. 914530) were and still are at all times relevant herein officers, detectives, employees, and/or agents of the New York City Police Department.

    7.    On or about June 3, or June 4, 2013, the defendants Detective Maria Lopezcruz (Tax No. 940392), Detective Daniel Baca (Tax No. 934434), Detective Simon Laine (Tax No. 936901), Detective Arthur Smith (Tax No. 926134), Detective Scott Lieneck (Tax No. 920505) and Lieutenant Persio Polanco (Tax No. 914530) were police officers working for the Bronx Narcotics Squad or the 43rd Precinct.

    8.    Detective Maria Lopezcruz (Tax No. 940392), Detective Daniel Baca (Tax No. 934434), Detective Simon Laine (Tax No. 936901), Detective Arthur Smith (Tax No. 926134), Detective Scott Lieneck (Tax No. 920505) and Lieutenant Persio Polanco (Tax No. 914530) are being sued in their individual and official capacities.

    9.    Detective Maria Lopezcruz (Tax No. 940392), Detective Daniel Baca (Tax No. 934434), Detective Simon Laine (Tax No. 936901), Detective Arthur Smith (Tax No. 926134), Detective Scott Lieneck (Tax No. 920505) and Lieutenant Persio Polanco (Tax No. 914530) were at all times relevant herein officers, employees, and agents of the New York City Police Department.

    10.    At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City

Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant, City of New York, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, City of New York, assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

**STATEMENT OF FACTS**

12. That on or about the June 3, or June 4, 2013 at approximately 4:30 p.m. near to and in the vicinity of Morris Avenue and East 162nd Street, Bronx, NY and/or near 163rd Street and Sheridan Avenue, Bronx, NY the plaintiff was a passenger in a motor vehicle; the vehicle was pulled over by undercover police officers, including the individual police officers sued herein, without probable cause; the defendant police officers maliciously and abusively directed the plaintiff to remain silent, exit the vehicle, thereafter subjected the plaintiff to a search of his person; the officers, continuing their search without probable cause then conducted an illegal search of the vehicle; the defendant officers retrieved a bag containing medications from the back seat which was sealed and marked as being from a local pharmacy; the bag from the pharmacy clearly indicated the patient's name; plaintiff was seated in the front seat and had not been seated

in the back seat before the search; thereafter, the plaintiff was charged with illegal possession of narcotics. There was no predicate for the stop and search of the vehicle and no probable cause. The plaintiff was arrested, detained, remanded to the custody of New York City Department of Corrections; appeared in court, and thereafter the Criminal Court, Bronx County, where charges were later dismissed.

13. The defendant police officers arrested and detained the plaintiff, handcuffed him and failed to provide any justification for the stop, frisk, arrest, search and detention. The defendants learned soon after the arrest from another individual that she had lawfully purchased the medications referred and had inadvertently left the medications in the back seat earlier. That she had received the medications for a lawful reason. Moreover, this individual, Ms. Khadija Cephus, explained to the defendants that the medications were for her use only, and not for use by the plaintiff, DONALD DESOUZA. Further, that the medications was left in the car by mistake and such information was made known to the defendants who still continued to arrest and hold the plaintiff.

14. The individually named defendant police officers observed the other detectives and officers or defendants violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the violation of his Constitutional Rights.

15. The defendants having learned that there was no lawful basis for detaining, arresting or charging the plaintiff, DONALD DESOUZA, still persisted in arresting and detaining him.

16. The brutality against the defendant and failure to intervene by the individually named defendant police officers caused plaintiff to sustain psychological and

emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

17. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 16 with the same force and effect as if more fully set forth at length herein.

18. Defendants Detective Maria Lopezcruz (Tax No. 940392), Detective Daniel Baca (Tax No. 934434), Detective Simon Laine (Tax No. 936901), Detective Arthur Smith (Tax No. 926134), Detective Scott Lieneck (Tax No. 920505) and Lieutenant Persio Polanco (Tax No. 914530), who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be physically injured and imprisoned and violated plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

19. Plaintiff suffered extreme and protracted pain and serious emotional injuries as a result of his incarceration and prosecution.

20. As a result of plaintiff's unlawful search and seizure, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## SECOND CAUSE OF ACTION

21. Plaintiff reiterates and realleges the facts stated in paragraphs 1

through 20 as if stated fully herein.

22. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from derivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

23. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by his actions.

24. As a direct and proximate result of the acts of Defendants, plaintiff suffered psychological and economic injuries, endured great pain and mental suffering, was deprived of his physical liberty.

### THIRD CAUSE OF ACTION

25. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 24 as if stated fully herein.

26. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

27. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by his actions.

28. These Defendants officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other

officers from using excessive force although they were in a position to do so.

29. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## FOURTH CAUSE OF ACTION

### For Violation of Civil Rights

30. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 29 as if stated fully herein.

31. Defendant, City of New York, through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983 and 42 U.S.C. 1985.

32. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant, New York City, Defendant committed the unlawful acts referred to above and thus, Defendant New York City is liable for the Plaintiff's injuries.

## FIFTH CAUSE OF ACTION

### Failure to Intervene

33. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

35. Defendants failed to intervene to prevent the unlawful conduct described herein.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The defendant, City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Detective Maria Lopezcruz (Tax No. 940392), Detective Daniel Baca (Tax No. 934434), Detective Simon Laine (Tax No. 936901), Detective Arthur Smith (Tax No. 926134), Detective Scott Lieneck (Tax No. 920505) and Lieutenant Persio Polanco (Tax No. 914530), individuals who were unfit for the performance of police duties on April 23, 2010, at the aforementioned location.

38. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

39. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

        That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the defendant, City of New York, and Defendant, New York City Police Department, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

        a.     That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

        b.     That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       June 27, 2014

By: _____
STEVEN SEENER, ESQ.    2667
SEENER & SEENER, ESQS.
*Attorneys for Plaintiff*
DONALD DESOUZA
11 Park Place - 10th Floor
New York, New York 10007
Telephone No. 212-766-2050

To:    CORPORATION COUNSEL
        CITY OF NEW YORK
        ATT: DAVID COOPER, ESQ.
        Special Federal Litigation Division
        100 Church Street
        New York, NY 10007

Docket No. 13 Civ. 7668 (RA)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

======================================================================

DONALD DE SOUZA,

       Plaintiff,

 -against-

THE CITY OF NEW YORK, DETECTIVE MARIA LOPEZCRUZ (TAX NO. 940392), DETECTIVE DANIEL BACA (TAX NO. 934434), DETECTIVE SIMON LAINE (TAX NO. 936901), DETECTIVE ARTHUR SMITH (TAX NO. 926134), DETECTIVE SCOTT LIENECK (TAX NO. 920505) and LIEUTENANT PERSIO POLANCO (TAX NO. 914530),

       Defendants.

======================================================================

## AMENDED COMPLAINT

======================================================================

      BY: STEVEN SEENER, ESQ.
      SEENER & SEENER
      *Attorneys for Plaintiffs*
      *Donald DeSouza*
      11 Park Place - 10th Floor
      New York, New York 10007
      Telephone No. (212) 766-2050
      Fax No. (212) 766-2051

Dated: New York, New York
    June 27, 2014

            _____
            STEVEN SEENER, ESQ.